**UNITED STATES v. FREEMAN.**

No. 5776.

Circuit Court of Appeals, Third Circuit.

Jan. 30, 1936.

E. Washington Rhodes and Robert N. C. Nix, both of Philadelphia, Pa., for appellant.

James I. Marsh, Asst. U. S. Atty., and Horatio S. Dumbauld, U. S. Atty., both of Pittsburgh, Pa.

Before DAVIS and THOMPSON, Circuit Judges, and DICKINSON, District Judge.

DICKINSON, District Judge.

The classification of facts into evidentiary and ultimate is helpful. The latter are inferences from the former. They are truths as distinguished from facts. There is here no controversy over the evidentiary facts. The sole question is whether they warrant, with that degree of certainty which the law requires, the inference of guilt charged in the indictment. The jury, as the trier, found guilt. The trial judge gave effect to the verdict by entering judgment upon it and imposing sentence. The only error assigned is in not directing a verdict of not guilty and in entering judgment upon the verdict of guilt. The indictment charges by the first count the unlawful possession of counterfeit money with intent to pass it; in the second count, with unlawfully passing it; other counts are enumerations of specific instances of such passing; and the final count is the charge of a conspiracy to so do. There was no evidence that this defendant had individual personal possession of the counterfeit money nor that he personally and individually passed any. There were, however, abundant evidentiary facts in evidence, the significance of which was for the jury to appraise. They fully warranted the finding that the plan was for all the defendants to go together on the common venture of passing counterfeit money. They traveled by automobile. Freeman provided the car and was to figure as its driver and be the holding purse for all the money and things for which the counterfeits were exchanged. The circumstance, which has been much stressed, that the good money and effects

in his possession exceeded the value of all the counterfeit money proved to have been passed, has no significance. The proven fact that there were instances of the passing of counterfeit money does not prove that there were no other instances. The other fact that Freeman had no counterfeit money in his individual personal possession and passed none does not establish his innocence of the charge against him. To refuse to give to the other facts their just significance would be to hold that the arch offender in a scheme to pass counterfeit money could render himself immune from conviction by hiring another to have actual possession of the counterfeits and to pass them for him. The learned trial judge did his plain duty in sending the case to a jury and in entering judgment on the verdict and giving it effect by the sentence imposed.

The assignments of error are overruled, and the judgment of conviction and sentence are affirmed, with directions that the sentence be carried into execution.